**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Jeremy Adkins | : | |
| | : | |
| Vs. | : | Civil Action No. 21-1847 |
| | : | |
| H&K Group, Inc.; Haines and Kibblehouse, | : | |
| Inc.; and Reading Materials, Inc. | : | JURY TRIAL DEMANDED |

## ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

AND NOW, Defendants, H&K Group, Inc. ("H&K"), Haines and Kibblehouse, Inc. ("Haines"), and Reading Materials, Inc. ("Reading"), by and through its attorneys, Marshall Dennehey Warner Coleman & Goggin, answers Plaintiff's Complaint ("Complaint") and sets forth Affirmative Defenses as follows:

### I.   INTRODUCTION

1.      Admitted in part, denied in part.  It is admitted only that this action was initiated by Jeremy Adkins (hereinafter referred to as "Plaintiff") against Defendants and that Plaintiff purports to bring claims for violations of the Americans with Disabilities Act ("ADA"), the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA").  It is specifically denied that Defendants are liable pursuant to the statutes and legal authorities cited.  All remaining allegations of this paragraph are specifically denied.

### II.   JURISDICTION AND VENUE

2.      Denied.  The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph attempt to plead facts, it is admitted only that Plaintiff has asserted claims against Defendants under federal and state law, all claims being expressly denied.

1

3.      Denied.  The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph attempt to plead facts, it is admitted only that Plaintiff has asserted claims against Defendants under federal and state law, all claims being expressly denied.

4.      Denied.  The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph attempt to plead facts, it is admitted only that Defendants are located within the Eastern District of Pennsylvania.  It is specifically denied that Defendants engaged in any unlawful employment practices, as alleged, and strict proof to the contrary is demanded.

III.    **PARTIES**

5.      Defendants incorporate by reference their responses to paragraphs 1 through 4 of the Complaint as though fully set forth herein.

6.      Admitted in part; denied in part.  It is admitted that Plaintiff is an adult individual. Defendants are without sufficient knowledge or information to determine the address and domicile of Plaintiff, and therefore, this averment is denied to the extent material.

7.      Admitted.

8.      Denied as stated.  It is admitted only that Haines & Kibblehouse, Inc. is a corporate subsidiary of H&K Group, Inc.  H&K Group, Inc. is the corporate parent of Haines & Kibblehouse, Inc.; Haines & Kibblehouse, Inc. is not a division of H&K Group, Inc..  All remaining allegations of this paragraph are denied and strict proof of the same is hereby demanded.  By way of further answer, Haines & Kibblehouse is not and has never been Plaintiff's employer.

9.      Denied as stated.  It is admitted only that Reading Materials, Inc. merged with the H&K Group, Inc. in 2015; H&K Group is the successor to Reading Materials.  All remaining allegations of this paragraph (including footnote averments) are denied and strict proof of the same

is hereby demanded.  By way of further response, at all times pertinent to Plaintiff's Complaint, Plaintiff was employed by the H&K Group, d/b/a Pikes Creek Site Contractors, a division of H&K Group, Inc..

10.    Denied as stated.  It is admitted only that at all times pertinent to Plaintiff's Complaint, Plaintiff was employed by the H&K Group, d/b/a Pikes Creek Site Contractors, a division of H&K Group, Inc.. It is also admitted that Plaintiff communicated with Marcy Kirkpatrick, at times during his employment, regarding his medical leave of absence and related short term disability benefits.  All remaining allegations of this paragraph (including footnote averments) are denied and strict proof of the same is hereby demanded.  It is specifically denied that Plaintiff was discriminated against at any time during his employment.

11.    The allegations of paragraph 11 of the Complaint are conclusions of law to which no response is required.  To the extent that the allegations of paragraph 11 attempt to plead facts, said facts are denied.

12.    The allegations of paragraph 12 of the Complaint are conclusions of law to which no response is required.  To the extent that the allegations of paragraph 12 attempt to plead facts, said facts are denied.

## IV.    FACTUAL BACKGROUND

13.    Defendants incorporate by reference their responses to paragraphs 1 through 12 of the Complaint as though fully set forth herein.

14.    Admitted in part; denied in part.  It is admitted only that Plaintiff was originally hired as a laborer with Locust Ridge Contractors in or about April 25, 2005; Plaintiff transferred employment to Pikes Creek Contractors in or about 2012 as a laborer.  The remaining allegations of this paragraph are denied and strict proof of the same is hereby demanded.

15.     Admitted in part, denied in part.  It is admitted only that Plaintiff is a 51 year old man and that during the last 4.5 years of his employment he was promoted and employed as a paving foreman with Pike Creek Site Contractors.  The remaining allegations of this paragraph (including footnote averments) are denied and strict proof of the same is hereby demanded.

16.     Denied.   The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

17.     Denied.  The allegations of this paragraph (including footnote averments) constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph attempt to plead facts, it is admitted only that Plaintiff has asserted claims against Defendants under federal and state law, all claims being expressly denied.

18.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

19.     Denied as stated.  It is admitted that Plaintiff was paid a salary in his position as paving foreman regardless of whether he worked less than or more than 40 hours in a typical workweek.  By way of further response, Plaintiff's primary duty was the performance of exempt work, supervising and managing individuals and equipment at a job site.   The remaining allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

20.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

21.     Denied as stated.  It is admitted only that Plaintiff was employed as a paving foreman with Pikes Creek Site Contractors, a division of Defendant H&K Group, Inc..  The

remaining allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

22.     Denied as stated.  The allegations of this paragraph constitute conclusions of law to which no response is required.  By way of further response, it is admitted only that in the position of paving foreman (duties Plaintiff performed during the majority of the year), Plaintiff managed and supervised 6-9 individuals on the paving crew, and when needed evaluated and corrected individuals who he supervised at the job site.  Plaintiff was also included in and provided feedback in discussions with supervisors about problems or concerns related to employees on his paving crew.   In addition, Plaintiff recorded the time/work performed by the individuals who he supervised, managed equipment/staffing needed during the project, managed the temperature and slope of the paving operations performed by subordinates, and addressed discussions and inquiries with customers and inspectors on the job site as the project proceeded.  It is also admitted that following the close of the paving season each year (at which time laborers and paving operators were laid-off due to lack of work), Plaintiff's job responsibilities continued, as needed, to ready paving equipment for the upcoming season, and to assist in other duties, as assigned.   The remaining allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

23.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

24.     Denied as stated.  It is admitted only that Plaintiff did not have a specific assigned office space and did not make final decisions regarding the compensation to be paid employees on the paving crew.  By way of further response, Plaintiff managed and supervised 6-9 individuals on the paving crew, and when needed evaluated and corrected individuals who he supervised at the

5

job site.  Plaintiff was also included in and provided feedback in discussions with supervisors about problems or concerns related to employees on his paving crew.  In addition, Plaintiff recorded the time/work performed by the individuals who he supervised, managed equipment/staffing needed during the project, managed the temperature and slope of the paving operations performed by subordinates, addressed discussions and inquiries with customers and inspectors on the job site as the project proceeded, and conferred with his supervisors during meetings related to the project on which he and his crew were assigned.  The remaining allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

25.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

26.     Denied.  The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph attempt to plead facts, it is admitted only that Plaintiff has asserted claims against Defendants under federal and state law, all claims being expressly denied.  By way of further response, in the position of paving foreman, Plaintiff managed and supervised 6-9 individuals and equipment at a job site.

27.     Denied.  The allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph attempt to plead facts, it is admitted only that Plaintiff has asserted claims against Defendants under federal and state law, all claims being expressly denied.  By way of further response, in the position of paving foreman, Plaintiff managed and supervised 6-9 individuals, and when needed evaluated and corrected individuals who he supervised at the job site;  Plaintiff was also included in and provided feedback in discussions with supervisors about problems or concerns related to employees on his paving crew.

28.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

29.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.  Furthermore, the averments of the footnote constitute conclusions of law to which no response is required.  To the extent the averments of the footnote attempt to plead facts, it is admitted only that Plaintiff has asserted claims against Defendants under federal and state law, all claims being expressly denied.

30.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.  Furthermore, the averments of the footnote constitute conclusions of law to which no response is required.  To the extent the averments of the footnote attempt to plead facts, it is admitted only that Plaintiff has asserted claims against Defendants under federal and state law, all claims being expressly denied.

31.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.  Furthermore, the averments of the footnote constitute conclusions of law to which no response is required.  To the extent the averments of the footnote attempt to plead facts, it is admitted only that Plaintiff has asserted claims against Defendants under federal and state law, all claims being expressly denied.

32.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.  By way of further response, the allegations of this paragraph constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph attempt to plead facts, it is admitted only that Plaintiff has asserted claims against Defendants under federal and state law, all claims being expressly denied.

33.    Denied.   The allegations of this paragraph (including footnote averments) are specifically denied and strict proof of the same is hereby demanded.

34.    Denied.   The allegations of this paragraph (including footnote averments) are specifically denied and strict proof of the same is hereby demanded.

35.    Denied.  The allegations of this paragraph (including footnote averments) constitute conclusions of law to which no response is required.  To the extent the allegations of this paragraph attempt to plead facts, it is admitted only that Plaintiff has asserted claims against Defendants under federal and state law, all claims being expressly denied.

36.    Admitted upon information and belief.

37.    Admitted.  By way of further answer, Plaintiff was provided with a medical leave of absence/FMLA leave and short-term disability benefits during the course of his medical recovery.  In addition, Plaintiff fully exhausted his 12-weeks of FMLA leave, which began on June 16, 2020.

38.    Denied as stated.  It is admitted only that Plaintiff was encouraged in his recovery during his medical leave of absence/FMLA leave; Plaintiff's FMLA leave expired on or about September 8, 2020, at which time Plaintiff was medically unable to return to work to do the essential functions of his job position.  The remaining allegations of this paragraph (including footnote averments) are specifically denied and strict proof of the same is hereby demanded.

39.    Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.  By way of further response, due to the medical restrictions imposed upon Plaintiff by his physician, Plaintiff was unable to do the essential functions of his job position.

40.     Denied as stated.  As the averments of this paragraph refer to a writing, a document which speaks for itself, Plaintiff's characterization of specifics not consistent with that writing are denied.  By way of further response, personnel assigned to paving operations were subject to seasonal lay-off during the winter months.

41.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

42.     Denied as stated.  It is admitted only that Plaintiff discussed possibly utilizing medical marijuana.  The remaining allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.  By way of further response, Plaintiff never produced a certified medical marijuana ID card, in his name, to Defendant.  Furthermore, Plaintiff was employed in a safety-sensitive job position, which required working on or around motor vehicles and heavy construction machinery and supervising employees who worked on or around the same.

43.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.  By way of further response, Plaintiff never produced a certified medical marijuana ID card, in his name, to Defendant.  Furthermore, Plaintiff was employed in a safety-sensitive job position, which required working on or around motor vehicles and heavy construction machinery and supervising employees who worked on or around the same.

44.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.  By way of further response, personnel assigned to paving operations were subject to seasonal lay-off during the winter months.

45.     Denied as stated.  It is admitted only that Plaintiff did not return to work in December and was laid-off as were other personnel assigned to paving operations during the winter months.

46.     Denied.   The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

47.     Denied as stated.  It is admitted only that personnel assigned to paving operations have returned to employment from layoff as needed; it is specifically denied that Plaintiff was ever released to return to work to perform the essential functions of his job position of paving foreman. The remaining allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

48.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

### Count I
### Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Compensation)
### - Against All Defendants -

49.     Defendants incorporate by reference their responses to paragraphs 1 through 48 of the Complaint as though fully set forth herein.

50.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

### Count II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
### (Failure to Pay Overtime Compensation)
### - Against All Defendants -

51.     Defendants incorporate by reference their responses to paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

### Count III
### Violations of the Americans with Disabilities Act ("ADA")

**(Discrimination, Retaliation and Failure to Accommodate)**
**- Against All Defendants -**

53.     Defendants incorporate by reference their responses to paragraphs 1 through 52 of the Complaint as though fully set forth herein.

54.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

55.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

56.     Admitted in part; denied in part.  It is admitted only that Plaintiff commenced this civil action within ninety (90) days of the EEOC's issuance of the Notice of Right to Sue on April 7, 2021.   The remaining allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

**Count IV**
**Violations of the Family and Medical Leave Act ("FMLA")**
**(Retaliation)**
**- Against All Defendants -**

57.     Defendants incorporate by reference their responses to paragraphs 1 through 56 of the Complaint as though fully set forth herein.

58.     Denied as stated.  It is admitted only that Plaintiff was provided with 12-weeks of FMLA leave beginning on June 16, 2020.  It is specifically denied that Plaintiff was able or released to return to work to perform the essential functions of his job position on or before September 8, 2020, when his FMLA leave was fully exhausted.  The remaining allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

59.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

11

60.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

**Count V**
**Violations of Pennsylvania Medical Marijuana Act ("MMA"), 35 P.S. §§10231.101, et seq**
**- Against All Defendants -**

61.     Defendants incorporate by reference their responses to paragraphs 1 through 60 of the Complaint as though fully set forth herein.

62.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

63.     Denied.  The allegations of this paragraph are specifically denied and strict proof of the same is hereby demanded.

WHEREFORE, Defendants respectfully request this Honorable Court to dismiss Plaintiff's Complaint and requested prayer for relief with prejudice and to enter judgment in Defendants' favor and against Plaintiff.

**AFFIRMATIVE DEFENSES**

1.     Plaintiff fails to state a claim upon which relief may be granted.

2.     Plaintiff has failed to state a claim pursuant to the Fair Labor Standards Act.

3.     Plaintiff has failed to state a claim pursuant to the Pennsylvania Minimum Wage Act.

4.     Plaintiff has failed to state a claim pursuant to the Pennsylvania Medical Marijuana Act.

5.     Plaintiff's claims are barred or limited based upon Plaintiff's own actions.

6.     At all times relevant hereto, Defendants acted without malicious intent and in good faith and with a reasonable justification or belief in the legality and lawfulness of its actions, and its actions were reasonable considering all of the circumstances.

12

7.     Defendants' actions or omissions were not the cause in fact or proximate cause of the harm alleged by Plaintiff.

8.     Plaintiff's damages, if any, are unrelated to any actions or omissions on the part of Defendants.

9.     All actions taken by Defendants with respect to Plaintiff were based on reasonable, legitimate, non-discriminatory and non-retaliatory factors.

10.    Plaintiff's claims are barred, in whole or in part, because he cannot establish any alleged damages, injury, or loss resulting from Defendants' conduct.

11.    Defendants has fully paid Plaintiff all compensation that he earned.

12.    Defendants acted, at all times, in good faith with regard to the payment of wages and had good faith, reasonable grounds to believe that their actions were not in violation of the FLSA or state wage and hour laws.

13.    Defendants' actions were in accord with applicable statutes, regulations, policies and procedures.

14.    Plaintiff cannot establish reckless, malicious or intentional conduct on the part of Defendants to justify the imposition of liquidated damages.

15.    Plaintiff was exempt from FLSA overtime regulations.

16.    Defendants did not discriminate, fail to reasonably accommodate or retaliate against Plaintiff in violation of the ADA.  On the contrary, Defendant acted lawfully and in good faith toward Plaintiff at all times material to the Complaint.

17.    Plaintiff did not engage in protected conduct as defined by the FMLA.

18.    Plaintiff cannot establish temporal proximity necessary for his ADA or FMLA claims.

19.     If it is determined that Plaintiff suffered damages, which Defendants specifically deny, Plaintiff's damages are barred in whole or in part by the failure of Plaintiff to mitigate his damages.

<div style="margin-left:40%">

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
RONDA K. O'DONNELL
Attorney ID No. 47603
JOHN L. LAMB, ESQUIRE
Attorney ID No. 324291
2000 Market Street, Suite 2300
Philadelphia, PA  19103
P: (215) 575-2697/(215) 575-2658
F: (215) 575-0856
E-mail:  rkodonnell@mdwcg.com
          jllamb@mdwcg.com

Attorney for Defendants

</div>

Dated: June 21, 2021

## CERTIFICATE OF SERVICE

I, Ronda K. O'Donnell, Esquire, do hereby certify that a true and correct copy of the Defendants' Answer to Plaintiffs' Complaint with Affirmative Defenses, was electronically filed with the Court on June 21, 2021, and is available for viewing and downloading from the ECF System.

**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**

BY: _____
RONDA K. O'DONNELL
Attorney for Defendants

15